IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 3:18-CV-3215 |
| WADE HARKER, | ) ) ) |
| Defendant, | ) ) ) |
| and | ) ) ) |
| LINDA STODDEN, | ) ) ) |
| Indispensable Defendant. | ) |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Summary Judgment (d/e 24) filed by Plaintiff Grinnell Mutual Reinsurance Company. Because further briefing is necessary, the Motion is DENIED.

### I. PROCEDURAL BACKGROUND

In August 2018, Grinnell filed a Complaint for Declaratory Judgment against Wade Harker and Linda Stodden. The Complaint

alleges that Stodden is the plaintiff in an underlying litigation brought against Wade Harker and William Harker in the Circuit Court of the Fourth Judicial Circuit, Shelby County, Illinois, Case No. 2007-LM-40 (the Underlying Litigation).

Stodden's Third Amended Complaint alleges that, on or about October 6, 2006, while in her yard at Rural Route 1, Box 108A, Sigel, Illinois, Stodden was attacked by a dog owned by William Harker and/or Wade Harker. Stodden seeks damages from Wade Harker and/or William Harker for injuries allegedly sustained as a result of the dog bite.

In the instant litigation, Grinnell seeks a determination whether an insurance policy issued by Grinnell to William Harker and Janet Harker provides coverage for their adult son, Wade Harker. Grinnell seeks a declaratory judgment that Grinnell has no duty to defend or indemnify Wade Harker in the Underlying Litigation.

Wade Harker did not respond to the Complaint. In November 2018, United States Magistrate Judge Tom Schanzle-Haskins issued an Order of Default of Defendant Wade Harker. On January 31, 2019, this Court denied Grinnell's Motion for Default Judgment

against Wade Harker because such judgment might result in inconsistent or contradictory judgments. The Court granted Grinnell leave to refile the motion when the claims involving Stodden have been resolved. Order (d/e 19).

On May 24, 2019, Grinnell filed a Motion for Summary Judgment (d/e 25). The Court deems Paragraphs 8, 9, 11, and 13 of the Grinnell's Undisputed Material Facts admitted because, while Stodden disputes those facts, Stodden failed to support each allegedly disputed fact by evidentiary documentation. See CDIL-LR 7.1(D)(2)(b)(2). In addition, the Court will consider Stodden's additional material facts. Grinnell admitted that the additional facts are undisputed but also argued that the facts are immaterial.

## II. FACTS

The following facts are taken from Grinnell's Undisputed Material Facts, Stodden's additional facts, and the insurance policy in question.

In 2005, Grinnell issued an insurance policy to William Harker and Janet Harker. The policy provided liability coverage to William Harker and Janet Harker effective April 28, 2005 to April 2, 2008. Stodden asserts, and Grinnell does not dispute—except to

state the fact is immaterial—that William Harker and Janet Harker purchased an insurance policy that provided liability coverage to them for their residence at Rural Route 1, Box 107A, Sigel, Illinois (the Property) occupied by insured William Harker and Janet Harker.

The declarations page of the policy provides that the policy period is April 28, 2005 to April 28, 2008 "12:01 AM S.T. at the address of the Named Insured." The "Named Insured" is listed as William and Janet Harker, P.O. Box 192, Sigel, IL 62462. Defendant Wade Harker was not a named policy holder under the policy of insurance provided to William Harker and/or Janet Harker by Grinnell.

The policy provides Property Coverages and Personal Liability Coverages. Section II, Personal Liability Coverages provides, in relevant part, as follows:

> Subject to the liability limits and the terms of this policy, we will pay damages for which an "insured" becomes legally liable as a result of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies.
>
> If suit is filed against an "insured" for liability covered under this policy, we will provide a defense using lawyers

we choose.  We may investigate and settle any claim or suit as we deem appropriate.

Special Provisions—Illinois HG 660245 1-05 (d/e 25-1, p. 37 of 47), Special Provisions—Illinois HG 660245 1-06 (d/e 25-1, p. 44 of 47).

The policy states that the terms "you" and "your" in the policy refer to the "'named insured' shown in the Declarations and the spouse of a resident of the same household."  Definitions A (d/e 25-1 p. 8 of 47).  The policy defines "Insured" as follows:

**DEFINITIONS**

\* \* \*

B. \* \* \*

5. "Insured" means:

    a.    You and any person living with you who is:

        (1)    Related to you by blood, marriage, or adoption; or

        (2)    A legal ward, foster child, or foreign exchange student.

    b.    A student who is an unmarried and financially dependent relative under the age of 25 if the student lived with you immediately before leaving to attend school and qualifies as a full-time student as defined by the school.

c. Under Section II[1]

With respect to animals, "farm tractors", or watercraft to which this policy applies, any person or organization legally responsible for these animals, "farm tractors", or watercraft which are owned by you or any person included in a. or b. above. "Insured" does not mean a person or organization using or having custody of these animals, "farm tractors", or watercraft in the course of any "business" or without consent of the owner.

Under both Sections I and II, when the word an or any immediately precedes the word "insured", the word an "insured" together means one or more "insureds".

See Special Provisions—Illinois, HG6602245 1-06 (d/e 25-1 p. 42 of 47); Policy, Definitions (d/e 25-1 p. 9 of 47).

The policy also contains a provision identifying the "Time of Interpretation":

All of the terms of this policy, including its exclusions, shall be construed and applied based on the facts existing on the date of the loss resulting in "bodily injury" or "property damage."

Policy, Sections I and II—Conditions (d/e 25-1, p. 28 of 47).

---

[1] Section II is titled "Personal Liability Coverages."

William and Janet Harker purchased the Property in 1974. Wade Harker moved onto the Property in 2001, living there with his girlfriend and his father, William Harker. Wade Harker continued to reside at the Property at the time of the alleged dog bite on October 6, 2006. In October 2006, neither William Harker nor Janet Harker resided at the Property. Moreover, in October 2006, Wade Harker did not reside in the household of William Harker or Janet Harker.

### III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor.

Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

## IV. ANALYSIS

The parties agree that Illinois law applies. Under Illinois law, an insurer's duty to defend is broader than the duty to indemnify. Outboard Marine Corp. v. Liberty Mut. Ins. Co., 154 Ill.2d 90, 125 (1992). To determine whether the insurer has a duty to defend, the court looks at the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy. Id. at 108. If the facts alleged in the underlying complaint fall within, or potentially fall within, the policy's coverage, the insurer has a duty to defend. Id.; see also U.S. Fid. & Guar. Co. v. Wilkin Insulation Co., 144 Ill. 2d 64, 73 (1991) (in a declaratory action, courts in Illinois will find a duty to defend even if only one theory alleged in the underlying complaint is potentially within the policy's coverage). An insurer does not have a duty to defend where "'it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.'" Connecticut Indem. Co. v. DER Travel Serv., Inc., 328 F.3d 347, 349 (7th Cir. 2003)

(quoting Wilkin, 144 Ill. 2d at 73). The court construes the underlying complaint liberally in favor of the insured. Lyons v. State Farm Fire & Cas. Co., 349 Ill. App. 3d 404, 407 (2004).

A court may, however, consider evidence beyond the underlying complaint so long as the court does not determine an issue critical to the underlying litigation. Pekin Ins. Co. v. Wilson, 237 Ill.2d 446, 460-62 (2010). Here, the parties introduce, without objection, evidence outside the underlying complaint that does not determine an issue critical to the underlying litigation—namely, evidence pertaining to who lived at the Property.

The construction of an insurance policy is a question of law. Am. States Ins. Co. v. Koloms, 177 Ill.2d 473, 480 (1997). In construing an insurance policy, the court must ascertain and give effect to the intentions of the parties as expressed in their agreement. Hobbs v. Hartford Ins. Co. of the Midwest, 214 Ill.2d 11, 17 (2005). If the terms of the policy are clear and unambiguous, then the court gives the terms their plain and ordinary meaning. See Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd., 223 Ill.2d 407, 416 (2006). Conversely, if the terms of the policy are susceptible to more than one meaning, then the court

considers the terms ambiguous and construes the policy strictly against the insurer who drafted the policy. Rich v. Principal Life Ins. Co., 226 Ill.2d 359, 371 (2007). Illinois courts construe the insurance policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. Id.

As noted above, the policy provides that Grinnell will pay damages for which an insured becomes legally liable as a result of bodily injury caused by an occurrence to which the coverage applies. The policy also states that Grinnell will provide a defense for an insured if a suit is filed against the insured for liability covered under the policy.

The policy defines "you" as the named insured shown in the Declarations. The Declarations identified William Harker and Janet Harker as the named insureds. The policy defines "insured" as follows:

**DEFINITIONS**

   * * *

B. * * *

5. "Insured" means:

a. You and any person living with you who is:

   (1) Related to you by blood, marriage, or adoption; or

   (2) A legal ward, foster child, or foreign exchange student.

b. A student who is an unmarried and financially dependent relative under the age of 25 if the student lived with you immediately before leaving to attend school and qualifies as a full-time student as defined by the school.

c. Under Section II

   With respect to animals, "farm tractors", or watercraft to which this policy applies, any person or organization legally responsible for these animals, "farm tractors", or watercraft which are owned by you or any person included in a. or b. above.

Stodden does not claim that Wade Harker was a student who falls within the definition of "insured" set forth in B.5(b). Therefore, as is relevant here, the policy defines "insured" to include William Harker and Janet Harker, as well as any person living with William Harker or Janet Harker who is related by blood (Section B.5(a)) or, with respect to animals, any person legally responsible for the animals that are owned by William Harker or Janet Harker or any person included in (a) or (b) (Section B.5(c)).

Grinnell asserts that it is entitled to summary judgment because Wade Harker is not an insured under the policy. First, Grinnell asserts that Wade Harker is not a named policy holder under the insurance policy provided to William Harker and/or Janet Harker. Stodden failed to properly dispute this fact, and this fact is deemed admitted.

Second, Grinnell asserts that Wade Harker does not fall within the definition of "insured" in Section B.5(a) because he did not live with either William Harker or Janet Harker, the named insureds.

Stodden argues that the phrase "person living with you" contained in the policy's definition of an "insured" is ambiguous because the policy does not define when the term "living with you" had to occur—at the time the policy was issued or when the accident occurred. Because of this ambiguity, Stodden argues, the policy should be construed liberally to effectuate coverage. Stodden claims that Wade Harker was an insured under the definition in section B.5(a)(1) of the policy because Wade lived with William Harker when the policy was issued. According to Stodden, William Harker—a named insured—lived at the Property with Wade Harker when the policy was issued because Grinnell would not have

insured the Property for liability coverage if William Harker were not a resident/occupier of the Property at that time.  As such, because Wade Harker is related to William Harker by blood, Wade Harker falls within the definition of insured under Subsection B.5(a)(1).

The problem with Stodden's argument is that the policy does, in fact, indicate at what time the phrase "person living with you" is to be interpreted.  Section J provides that the terms of the policy are construed as of the date of the loss resulting in bodily injury.  See Policy, Sections I and II—Conditions J (d/e 25-1, p. 28 of 47).  In this case, that date is October 6, 2006.

The undisputed facts demonstrate that, on the date of the alleged dog bite, October 6, 2006—the date of the loss resulting in bodily injury—Wade Harker lived at the Property by himself.  See Grinnell's Undisputed Facts Nos. 10-14 (providing that, in October 2006, Wade Harker lived at the Property, William Harker and Janet Harker did not live at the Property, and Wade Harker did not reside in the household of William Harker).  Stodden's additional facts, asserting that William Harker, Wade Harker, and Janet Harker resided at the Property in April 2005, when the policy was issued, are immaterial.  Because Wade Harker was not living with William

Harker or Janet Harker at the Property on the date of the alleged dog bite, Wade Harker is not an insured under the definition at B.5(a)(1).

Finally, Grinnell argues that Wade Harker is not an insured under B.5(c) because a person must be a named insured or fall within the definition under B.5(a) or (b) to qualify under subsection (c), and Wade Harker does not.

Stodden asserts that Wade Harker was an insured under Section B.5(c) of the policy because, when the policy was issued, both Wade and William Harker were residing at the Property. According to Stodden, Section B.5(c) provides coverage for animals located on the Property for anyone who is defined as an insured under B.5.a(1)—a person living with the insured who is related by blood. Stodden asserts that this includes Wade Harker.

The Court reads Section B.5(c) differently. Section B.5(c) provides that, under Section II of the policy pertaining to personal liability coverages, the term "insured" includes, with respect to animals to which the policy applies, any person legally responsible for these animals which are owned by "you" (William Harker and/or Janet Harker) or any person included in (a) or (b). In the

Underlying Litigation, Stodden alleges that William, Wade, or both owned the dog. Construing the underlying complaint liberally in favor of the insured, the Court could conclude that the facts alleged therein potentially bring the case within the policy's coverage. If Wade were a person legally responsible for a dog owned by William, Wade could potentially be an insured under Section B.5(c). This Court could not make the factual determination whether William in fact owned the dog because that would improperly resolve an issue critical to the underlying lawsuit. See Allstate Ins. Co. v. Kovar, 363 Ill. App. 3d 493, 501 (2006) (noting that "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation").

However, the Court will not, at this time, hold that Grinnell has a duty to defend Wade Harker. The parties have not addressed this particular issue. See Fed. R. Civ. P. 56(f) (providing that the court can grant summary judgment for a nonmovant or grant summary judgment on grounds not raised by a party only after giving notice and a reasonable time to respond). Therefore, the parties shall file their positions on the Court's reading of Section

B.5(c) on or before August 1, 2019.  The parties shall file responses to each other's positions on or before August 12, 2019.  Given these deadlines, the Final Pretrial Conference scheduled for August 26, 2019 at 11:00 a.m. and the Jury Trial on September 10, 2019 at 9:00 a.m. are VACATED and will be reset, if necessary, after the Court rules on this issue.

## V. CONCLUSION

For the reasons stated, Grinnell's Motion for Summary Judgment (d/e 24) is DENIED.  The Final Pretrial Conference scheduled for August 26, 2019 at 11:00 a.m. and the Jury Trial scheduled for September 10, 2019 at 9:00 a.m. are VACATED.  The parties shall file briefs of their positions on or before August 1, 2019 and responses on or before August 12, 2019.

**ENTERED:  July 17, 2019**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**