E-FILED
Monday, 16 September, 2019 04:32:27 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **GRINNELL MUTUAL REINSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:18-CV-3215** |
| **WADE HARKER,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **LINDA STODDEN,** | ) | |
| **Indispensable Defendant.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the supplemental briefing the Court requested from Plaintiff Grinnell Mutual Reinsurance Company and Indispensable Defendant Linda Stodden pursuant to Federal Rule of Civil Procedure 56(f). Having reviewed the parties'

briefing, the Court finds that Plaintiff Grinnell Mutual Reinsurance Company has a duty to defend Defendant Wade Harker.[1]

## I. BACKGROUND

The facts of this case are more fully set forth in the Court's Opinion (d/e 29) entered July 17, 2019.

In May 2019, Grinnell filed a Motion for Summary Judgment (d/e 24) seeking a determination that Wade Harker is not an insured under an insurance policy issued to William Harker and Janet Harker by Grinnell. The policy provided liability coverage to William and Janet Harker for their residence at Rural Route 1, Box 107A, Sigel, Illinois (the Property). Grinnell also seeks a determination that Grinnell has no duty to defend or indemnify Wade Harker in the underlying lawsuit filed by Stodden against Wade Harker and his father William Harker in the Shelby County, Illinois, Circuit Court, Case No. 2007-LM-40 (the Underlying Litigation).

In the Underlying Litigation, Stodden alleges that, on October 6, 2006, she was attacked and severely injured by a dog owned by

[1] An entry of default has been made against Defendant Wade Harker.

William Harker and/or Wade Harker while she was in her own yard in violation of the Illinois Animal Control Act, 510 ILCS 5/16. Wade Harker resided at the Property at the time of the alleged dog bite and neither William Harker nor Janet Harker resided there at that time.

On July 17, 2019, this Court entered an Opinion (d/e 29) denying summary judgment and requesting further briefing from the parties on whether Wade Harker was an "insured" under Section B.5(c) of the insurance policy. Opinion at 15 (citing Fed. R. Civ. P. 56(f)).

The insurance policy provides that the terms "you" and "your" in the policy refer to the "'named insured' shown in the Declarations and the spouse if a resident of the same household." Definitions A (d/e 25-1, p. 8 of 47). The individuals shown in the Declarations are William Harker and Janet Harker.

The policy defines "Insured" as follows:

**DEFINITIONS**

* * *

B. * * *

5. "Insured" means:

a. You and any person living with you who is:

(1) Related to you by blood, marriage, or adoption; or

(2) A legal ward, foster child, or foreign exchange student.

b. A student who is an unmarried and financially dependent relative under the age of 25 if the student lived with you immediately before leaving to attend school and qualifies as a full-time student as defined by the school.

c. Under Section II[2]

With respect to animals, "farm tractors", or watercraft to which this policy applies, any person or organization legally responsible for these animals, "farm tractors", or watercraft which are owned by you or any person included in a. or b. above. "Insured" does not mean a person or organization using or having custody of these animals, "farm tractors", or watercraft in the course of any "business" or without consent of the owner.

Under both Sections I and II, when the word an or any immediately precedes the word "insured", the word an "insured" together means one or more "insureds".

See Special Provisions—Illinois, HG6602245 1-06 (d/e 25-1 p. 42 of 47); Policy, Definitions (d/e 25-1 p. 9 of 47).

[2] Section II is titled "Personal Liability Coverages."

This Court previously found that Wade Harker was not a named insured or an insured under Section B.5(a). Stodden did not claim that Wade Harker was a student who fell within the definition of "insured" set forth in Section B.5(b). The remaining issue is whether Wade Harker is an "insured" under Section B.5(c) because he was legally responsible for an animal owned by William Harker and/or Janet Harker.[3]

## II. ANALYSIS

In her supplemental briefing, Stodden argues that a question of fact exists whether William Harker or Janet Harker were legally responsible for the dog and/or whether they co-owned the dog with their son, Wade Harker. Therefore, Stodden asserts, Grinnell has a duty to defend Wade Harker under Section B.5(c).

Grinnell argues that whether William Harker or Janet Harker were legally responsible for the dog and whether they co-owned the dog with their son is irrelevant. Grinnell asserts that the purpose of Section B.5(c) is to extend coverage to additional insureds who are

---

[3] The parties do not argue that the dog was owned by a person who is an insured under Section B.5(a)—a relative living with an insured—or Section B.5(b)—an unmarried and financially dependent relative under the age of 25 who is a student.

not owners of an animal but who may be in possession or custody of the animal. Grinnell also asserts that the Court's recognition that Wade Harker is an owner of the dog will not impact Stodden's ability to pursue a theory of liability in the underlying matter. Grinnell asserts that it does not seek a determination as to the duty to defend or indemnify William Harker.

The parties agree that Illinois law applies. Under Illinois law, an insurer's duty to defend is broader than the duty to indemnify. Outboard Marine Corp. v. Liberty Mut. Ins. Co., 154 Ill.2d 90, 125 (1992). To determine whether the insurer has a duty to defend, the court looks at the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy. Id. at 108. If the facts alleged in the underlying complaint fall within, or potentially fall within, the policy's coverage, the insurer has a duty to defend. Id.; see also U.S. Fid. & Guar. Co. v. Wilkin Insulation Co., 144 Ill. 2d 64, 73 (1991) (in a declaratory action, courts in Illinois will find a duty to defend even if only one theory alleged in the underlying complaint is potentially within the policy's coverage). An insurer does not have a duty to defend where "'it is clear from the face of the underlying complaint

that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.'" Connecticut Indem. Co. v. DER Travel Serv., Inc., 328 F.3d 347, 349 (7th Cir. 2003) (quoting Wilkin, 144 Ill. 2d at 73).

As noted above, and as is relevant here, Section B.5(c) of the policy defines "insured" to include, with respect to animals, any person legally responsible for animals that are owned by "you," which is a reference to the named insureds, William and Janet Harker. The complaint in the Underlying Litigation alleges that the dog was owned by William Harker and/or Wade Harker but does not mention Janet Harker. The parties agree that Wade Harker is an owner of the dog. The question here is whether Wade Harker, as a co-owner of the dog, can also be "legally responsible" for a dog co-owned by William Harker as that term is used in Section B.5(c).

The construction of an insurance policy is a question of law. Am. States Ins. Co. v. Koloms, 177 Ill.2d 473, 480 (1997). In construing an insurance policy, the court must ascertain and give effect to the intentions of the parties as expressed in their agreement. Hobbs v. Hartford Ins. Co. of the Midwest, 214 Ill.2d 11, 17 (2005). If the terms of the policy are clear and

unambiguous, then the court gives the terms their plain and ordinary meaning. See Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd., 223 Ill.2d 407, 416 (2006). Conversely, if the terms of the policy are susceptible to more than one meaning, then the court considers the terms ambiguous and construes the policy strictly against the insurer who drafted the policy. Rich v. Principal Life Ins. Co., 226 Ill.2d 359, 371 (2007). Illinois courts construe the insurance policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. Id. However, a "strained, forced, unnatural, or unreasonable construction, or one which would lead to an absurd result, must not be adopted." U.S. Fire Ins. Co. v. Hartford Ins. Co., 312 Ill. App. 3d 153, 155 (2000).

The policy does not define "legally responsible." Therefore, the Court turns to the dictionary. See Valley Forge Ins. Co. v. Swiderski Elec., Inc., 223 Ill.2d 352, 366 (2006) (to determine the plain and ordinary meaning of terms not defined in the policy, courts look to the terms' dictionary definitions). Black's Law Dictionary defines "responsible" as "[m]orally or legally answerable for the discharge of a duty, trust, debt, service, or other obligation."

Black's Law Dictionary (11th ed. 2019). The Seventh Circuit has held that "responsible," when used in the legal sense, "means roughly 'subject to some type of liability.'" Am. Family Mut. Ins. Co. v. Williams, 832 F.3d 645, 648 (7th Cir. 2016).

Under the Illinois Animal Control Act, the owner of a dog is liable in civil damages if the dog attacks or injures a person who is peaceably conducting herself in any place she may lawfully be. See 510 ILCS 5/16. The Act defines "owner" to include "any person having a right of property in an animal, or who keeps or harbors and animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog to remain on any premises occupied by him or her." 510 ILCS 5/2.16. That is, the Act imposes penalties on the owner and anyone "who places himself in a position of control akin to an owner." Wilcoxen v. Paige, 174 Ill. App. 3d 541, 543 (1988).

An owner of a dog—including a co-owner—is someone who is "subject to some type of liability" and is, therefore, legally responsible for the dog. One theory of the Underlying Litigation is that Wade Harker and William Harker co-owned the dog. As alleged in the Underlying Litigation, Wade Harker is an "insured" under

Section B.5(c) because he was legally responsible as co-owner for an animal co-owned by an insured, William Harker. Because the facts alleged in the Underlying Litigation potentially fall within the policy's coverage, Grinnell's duty to defend is triggered.

This case bears some similarities to Industrial Fire & Cas. Ins. Co. v. Grinnell Mut. Reinsurance Co., 100 Ill.App.3d 593 (5th Dist. 1981), which involved a determination of liability and not a duty to defend. In that case, a cow and two calves from Roger McDermith's farm caused a vehicular collision on the highway. Id. 595. Roger owned the cows on his property but, in consideration of breeding services, care, and housing provided by Roger's father, the father was to receive a half interest in the calves born of Roger's cows. Id. at 596. The father's insurance policy extended liability coverage to persons legally responsible for animals owned by an insured. Id. at 595-96. The insurance company argued that the animals in question were not owned by an insured because the father's only interest was a mere expectancy in the calves. Id. at 596. The Illinois Appellate Court disagreed, noting that although possession was to be transferred when the calves were weaned, the fact that the calves involved in the accident had not been weaned did not

negate the father's ownership interest in them. Id. The Illinois Appellate Court therefore concluded that, because the father, the named insured, was part owner of the calves being kept on Roger's farm, Roger was a person legally responsible for animals owned by any insured (his father) within the meaning of the policy. Id. at 597. That is, the fact that Roger and his father had part ownership in the calves did not affect the applicability of the "legally responsible" provision in the insurance policy.

Similarly, here, the allegations in the Underlying Litigation that the dog was owned by William Harker and/or Wade Harker suggests that William and Wade were co-owners, in which case Wade would be an insured because he was a person legally responsible, as a co-owner, for an animal co-owned by an insured, William Harker.

Therefore, having given notice to the parties that the Court was considering holding that Grinnell had a duty to defend Wade Harker, and having given the parties a chance to brief this issue, the Court finds that Grinnell owes a duty to defend Wade Harker in the Underlying Litigation.

## III. CONCLUSION

For the reasons stated, the Court grants summary judgment in favor of Stodden and finds that Plaintiff Grinnell Mutual Reinsurance Company has a duty to defend Defendant Wade Harker in the Underlying Litigation filed by Stodden against Wade Harker and William Harker in Shelby County Circuit Court Case No. 2007-LM-40.

The parties shall file briefs, on or before September 30, 2019, addressing whether the Court should stay the indemnification aspect of this case pending resolution of the Underlying Litigation or dismiss without prejudice this action insofar as it seeks a determination of Grinnell's duty to indemnify Wade Harker.

**ENTERED: September 16, 2019**

**FOR THE COURT:**

s/*Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**